MARY DEVLIN, as Administratrix, etc., of HUGH DEVLIN, Respondent, v. JOSIAH T. SMITH, Impleaded, etc., Appellant.

*Liability of employer — where he intrusts entirely, to a skillful person, the erection of a scaffolding.*

Where an employer, not having the requisite skill to do the work himself, intrusts the erection of a scaffolding entirely to a competent and skillful contractor, the employer is not liable for injuries resulting to his own employes from using such scaffolding.

Nor is it negligence in such employer not to inspect the scaffold, before allowing his employes to use it.

APPEAL by the defendant Josiah T. Smith from a judgment against him, entered on the verdict of a jury at the Kings County Circuit against said Josiah T. Smith and one John Stevenson (to which latter a new trial was granted), and also from an order denying a motion for a new trial as to the defendant Smith.

This action was brought for the purpose of recovering damages for the benefit of the next of kin of plaintiff's intestate.

The defendant, Josiah T. Smith, agreed with the "board of supervisors of Kings county to paint, fresco, and repair the inside of the county court house, and to do this work he employed the defendant, Stephenson, a scaffold builder, to build a scaffold about eighty-five feet high, and forty-five feet wide, Stephenson furnishing the labor and materials therefor. After the scaffold was built, by direction of the defendant, Josiah T. Smith, Hugh Devlin, the deceased, and other workmen in the employ of said Smith, went upon the top of the scaffold to paint the interior of the dome of the court house, and while at work there the scaffold broke, and Hugh Devlin was killed. He left surviving a widow and four children.

*B. F. Tracy*, for the appellant.

*Morris & Pearsall*, for the respondent.

Gilbert, J.:

Assuming that the cause of the accident in this case was the defective construction of the scaffold, yet for such defect the defendant Smith was not responsible. Smith had agreed to paint and fresco the inside of the dome of the court house. To do this work the scaffold referred to became necessary. Smith being a fresco painter and paper hanger, and not a scaffold builder, employed Stephenson to build the scaffold for him. No negligence has been, or can be, imputed to Smith by reason of his employment of Stephenson to build the scaffold, for the evidence showing that Stephenson was a skillful and competent scaffold builder is undisputed. Stephenson was not a servant or agent of Smith, but was an independent contractor. Smith exercised no control or direction in respect to Stephenson's work. The case is brought, therefore, directly within the principle often decided, which limits the liability of masters for injuries to their servants to their own personal acts or omissions of duty, or to the acts or omissions of persons who, for the time being, occupy their position or act in their stead, unless the work which the contractor is employed to do be in itself dangerous or unlawful. (*Blake* v. *Ferris*, 5 N. Y., 48; *Town* v. *Loveless*, 72 id., 211; *Storrs* v. *Utica*, 17 id., 104.) This principle is one founded in public policy as tending to induce proper care on the part of servants, and of protecting employers against undue and indefinite responsibility.

The general rule is that the servant takes the risk incident to his employment. It is very true that ordinarily the risk arising from dangerous or defective tools or machinery is not such a risk, but the master is bound to furnish for his servants machinery and appliances of all kinds which are reasonably safe. Still, he is not a warranter of the absolute safety thereof. While the law implies a contract or duty on the part of the employer to use reasonable care and diligence in supplying structures and appliances of all kinds that are safe, and in keeping them in a safe condition, yet it does not comprehend an indemnity of his employe against the negligence of any one but himself, or one who for the time being is charged by him with the performance of his duties. The law also implies a contract on the part of the employe that he will assume the ordinary risks which are incident to the business in which he is

employed.    One of these risks is, that structures or appliances may turn out to be defective notwithstanding the exercise of due care by the employer to provide such as are safe and proper for the purpose for which they are designed.    In this State the rule stated is well settled.    Whenever the employer has been held liable, not for his own negligence but for the negligence of another person, it was upon the ground that the latter was charged with his duties. (*Ryan* v. *Fowler*, 24 N. Y., 410; *Wright* v. *N. Y. C. R. Co.*, 25 id., 566; *Laning* v. *N. Y. C. R. Co.*, 49 id., 521, 534; *Flike* v. *B. and A. R. Co.*, 53 id., 549; *Malone* v. *Hathaway*, 64 id., 5; *Fuller* v. *Jewett*, 80 id., 46; *Kain* v. *Smith*, id., 458; *Crispin* v. *Babbitt*, 81 id., 516.)    That is not the case where the employer, not having the requisite skill to do the work himself, intrusts the performance of it entirely to a competent and unexceptionable contractor. The employer cannot escape the responsibility of exercising due care by delegating that duty to an agent, but he can employ a competent and unexceptionable contractor to construct tools, machinery, etc., and such conduct would be the exercise of that care which the law requires.    The employment of a contractor is not a delegation of the employer's duty.    It is, when properly done, an exercise of the care, and a fulfillment of the duty which the law exacts.    It would be unreasonable and unjust to hold an employer liable for the negligence of such a contractor so employed, for the employment of him would not be negligence, and the contractor's negligence could not be attributed to the employer, because no relation of agency would exist between them.    Unless, therefore, the employer knew of the defect which caused the injury, or his ignorance thereof of itself indicated a breach of duty on his part, there would be nothing of which negligence could be predicated.    (Cases, *supra*, *Priestley* v. *Fowler*, 3 M. & W., 1.)

The evidence shows that Smith had no knowledge of the defect in the scaffold.    Neither the fact that it was defective nor the nature of the defect affords any ground for the conclusion that an inspection of the scaffold by Smith would have revealed a defect in the fastenings thereof.    He was not a scaffold builder, nor was any attempt made to show that he had the requisite skill to enable him to determine whether the support which gave way was properly fastened or not.    Experts who testified upon the trial differed

upon the latter point. Smith having used due care in procuring the scaffold, and having no knowledge nor any reason to apprehend that it was in any respect defective, he was justified in subjecting it to immediate use without inspection. It is true an inspection might have disclosed the fact that the support which gave way was fastened with nails instead of ropes. But no reason has been shown why that fact should have admonished Smith that the scaffold was unsafe. Not being an expert, his inspection must have been merely that of a common observer. If the defect in the scaffold would have been apparent to him, the deceased was equally bound to take notice of it ; one was as competent to determine whether the fastenings referred to were sufficient or not, as the other.

The court, therefore, erred in submitting to the jury the question whether Smith's omission to inspect the scaffold was negligence, and whether he used due care in employing Stevenson. There was no evidence to warrant the imputation of negligence on either ground. (*Baulec, Admr.,* v. *The N. Y. and Harlem R. Co.,* 59 *N. Y.,* 356 ; *Chapman* v. *Erie R. Co.,* 55 id., 579.) The jury had no guide to direct them in determining either question, and as the action was tried against both Stevenson and Smith it is not difficult to perceive that the jury probably transferred the fault (if any) from Stevenson to Smith.

We are of opinion that the evidence is quite insufficient to prove any negligence on the part of Smith, and for that reason the motion for a nonsuit should have been granted.

The judgment and order denying a new trial must be reversed, and a new trial granted, with costs to abide the event.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment and order denying new trial reversed, and new trial granted, costs to abide event.